McKiotstey, J.,
delivered the opinion of the court.
This is an action of trespass, and the case rests upon the question of title. Each party claims to be owner in fee of the premises. Boyd, the plaintiff below, claims under a grant dated the 10th of January, 1850, founded on an entry made in the entry taker’s office of Knox county, on the 9th day of the same month, for twenty-two acres. Boach sets up title under a grant to him dated the 29th of May, 1850, for twenty-five acres, purporting to be founded on an entry made in said office on the 6th of Octobex, 1849. Both grants are for the same land, and both cover the loom m quo.
It appears that after the issuance of the grant to Boyd, and before the commission of the alleged trespass, he enclosed a small field within the bounds of said grant, and actually occupied and cultivated the same prior to, and at the time of the trespass. Boach never was in the actual possession of any part of said land.
*137 It further appears, that in 1793, a grant was issued by the State of North Carolina to Samuel Garrick, for one hundred acres of land, .which -includes the land covered by both the above mentioned grants. The proof shows that Garrick, the grantee, died many years since; that his family removed beyond the limits of the State long since, and are understood to be all dead; and that since their removal, no claim on their behalf, has been made to the land in dispute.
An attempt was also made to show title in the plaintiff, Boyd, to the land in question, under a conveyance to his ancestor, from the heirs of Samuel Garrick, of an adjoining tract of two hundred and seventy-four acres, granted by North Carolina to said Garrick; but it is clear that the boundaries of said conveyance cannot, upon any recognized principle, be made to include the land in dispute.
The question of title, then, as between the present parties, (leaving out of view, for the present, the elder, dormant title under the grant to Garrick,) depends solely upon the conflicting grants before noticed.
Boyd’s is the older grant, but his entry is younger than the supposed entry of Roach; and the latter entry, which is admitted to be special upon its face, if valid, would, upon a principle peculiar to our land law, confer the legal title upon Roach.
But we think it clear upon the facts established in this~ case, that the entry of Roach must be regarded as a nullity, and consequently that the grant founded upon ' it is void; because at the time this so called entry was made, the office of entry taker was vacant, and the entry was received and recorded by a person who had access *138 to the books, but who had no color of right or authority to exercise the functions of that office.
It would seem to be scarcely necessary, for the decision of the present case, to enter upon a description of the somewhat vexed question, as to the competency of a court of law to declare a grant void. It is well settled in this State, that in some cases this may be done for causes antecedent to and dehors the grant.
The present case falls within a different category, from those referred to, in which the ground of objection to the exercise of this jurisdiction, is, the inadmissibility of allowing the party claiming in opposition to the grant, to impeach it in a court of law, on the trial of an action of ejectment, for matter beyond, not apparent upon its face. In this case, upon general principles, Boyd might well stand upon his older grant, as vesting him with a perfect legal title, as against the younger grant of Boach; but by the principle of our law, before alluded to, the younger grantee is permitted at law, to introduce his older entry, and thereby overreach the older adverse grant. Here, therefore, it is the grantee himself who seeks to go beyond his grant, and to give in evidence his entry, for the purpose of defeating the jprvma facie superior title. He is compelled to do so, for by force of his entry alone, can he prevail over the older grant. And being driven to the necessity of offering in evidence and relying upon his entry, and his title being dependant solely upon the character and validity of his entry, he himself exposes it to scrutiny, and consequently to impeachment for any legal cause; and in assailing it yre perceive no violation of principle or departure from authority. That the entry in the present case is simply *139 a nullity, is a proposition which we think admits of no debate; and being so, it cannot be the foundation of any right in the plaintiff in error,’ under the circumstances in this case. It appears, therefore, that, the supposed title of Roach out of the way, he stands upon the footing of a mere naked trespasser.
But, it is assumed in argument, that the grant to Boyd is also void, and incapable of vesting him with any right, as against Roacff, or any other person, on the ground that the land had been previously granted to Garrick. In this conclusion we do not concur. As against an older, valid and subsisting title, Boyd’s grant would unquestionably be inoperative and voidable. But still, it may have the legal effect of ripening into an indefeasible title as against the older grant. And therefore, it would seem to follow, that the person in actual possession under such younger grant, as against a mere wrong-doer, having no title or authority to enter, is to be regarded as in possession to the extent of the boundaries of his grant, and is entitled to maintain trespass for any injury to his rights. Hence, it results that there is no error in this record, affecting the merits, and the judgment is affirmed.